## THE KANKAKEE STONE AND LIME COMPANY

### *v.*

### THE CITY OF KANKAKEE.

*Filed at Ottawa April 3, 1889.*

**1.** SPECIAL ASSESSMENTS—*rule for ascertaining benefits—market value —present use of property, and of the use to which it is adapted.* In a proceeding to levy and collect special assessments on property benefited, the true inquiry is, what will the influence of the proposed improvement be upon the market value of the property claimed to be benefited thereby. The jury should consider what the property is then fairly worth in the market, and what will be its value when the improvement is made.

**2.** In determining the present market value, it is competent for the jury to take into consideration the uses to which the property is put, or for which it is suitable or adapted. If the present value of the property is increased by reason of the use to which it is then put, or its market value will be materially affected by an interference with that use, and the proposed improvement will have that effect, that is a matter clearly competent for the consideration of the jury.

**3.** On a proceeding to confirm a special assessment upon certain lots, the court instructed the jury: "You are instructed that it makes no difference in this case whether or not the property assessed is used at present for such a purpose that it will not be specially benefited by the proposed *sidewalk, or is put to any use to which the market value* of the same is at present unimportant; and in determining your verdict, you should not take into consideration the present use to which the lots or tracts, or both, are put, but you should consider whether or not the market value of said lots or tracts, for any legitimate purpose for which the same may be used, will be increased by reason of the construction of the proposed sidewalk:" *Held,* that the instruction was erroneous, in directing the jury that they should not take into consideration, in determining the market value, the present use to which the lots were put.

**4.** PRACTICE—*time to object—as to admission of evidence.* In a proceeding to confirm a special assessment for the building of a sidewalk, an objection that the ordinance for the proposed improvement was not certified to the mayor or approved by him, comes too late when made for the first time in this court. Objection to evidence should be made on the trial.

**5.** INSTRUCTION—*erroneous one—whether cured by others.* In a case where the evidence is conflicting, the law should be given to the jury

with substantial accuracy. An erroneous instruction can not be said to be cured by proper instructions on the other side, when, from the evidence, it is impossible to say that the jury did not follow the erroneous one.

Appeal from the County Court of Kankakee county; the Hon. Thomas S. Sawyer, Judge, presiding.

Mr. William Moore, and Mr. Stephen Potter, for the appellant:

The ordinance set out in the record is not shown to have the approval of the mayor, nor to have ever been certified to him by the city clerk.    1 Private Laws of 1865, p. 893; sec. 5, art. 3, p. 398.

Property can not be specially assessed except for the actual benefits thereto.    *Crawford* v. *People*, 82 Ill. 557.

The fifth instruction wholly ignores the use to which the property is put, and is erroneous.    *Mittel* v. *Chicago*, 9 Bradw. 534.

Mr. W. R. Hunter, for the appellee:

The objection was not made to the ordinance in the court below, and can not, therefore, be urged here.

It is claimed that appellee's fifth instruction is meaningless. If so, it can not prejudice the rights of appellant.    The meaning of this instruction is, that the present use of the property is so temporary that it is not a proper basis upon which to estimate the benefits which accrue by reason of the improvement.    Cooley on Taxation, 458.

Per Curiam: The city of Kankakee required, by ordinance, the building of a sidewalk on the east side of Fifth avenue and Bourbonais Grove road, in said city, and requiring special assessments against contiguous property benefited.    No objection is made to the substance of the ordinance authorizing the special assessment, or the appointment and report of com-

missioners thereunder. The commissioners appointed for such purpose made report to the city council, which was approved, and appellant not having constructed said sidewalk along its property, as required by said ordinance, a petition was, by order of the city council, presented to the county court, in conformity with the provisions of the act respecting cities and villages. Commissioners were appointed by the court, who made a return of the assessment roll, as contemplated by said act. On application for confirmation thereof, certain objections were filed by appellant, and thereupon such proceedings were had that a jury was impaneled, who, after hearing the evidence, etc., returned their verdict into court, fixing the benefits accruing to appellant's land from the construction of said sidewalk. The court modified said assessment roll to conform to the finding of the jury, and rendered its judgment affirming said roll so modified.

The first point urged is, that the ordinance authorizing such proceeding was not properly passed, in that it was not certified to the mayor or approved by him. The objection, if tenable, can not be made for the first time in this court. The ordinance seems to have been read to the jury, without objection.

At the instance of the city, the court gave the jury the following instruction :

"You are instructed that it makes no difference in this case whether or not the property assessed is used at present for such a purpose that it will not be specially benefited by the proposed sidewalk, or is put to any use to which the market value of the same is at present unimportant; and in determining your verdict, you should not take into consideration the present use to which the lots or tracts, or both, are put, but you should consider whether or not the market value of said lots or tracts, for any legitimate purpose for which the same may be used, will be increased by reason of the construction of the proposed sidewalk."

It is insisted that the first portion of this instruction is unintelligible. Be this as it may, considered as a whole, the instruction contains the proposition, that the present use to which the premises are put by the owner must be excluded from consideration by the jury in determining the market value of the lots. The true inquiry in all such cases is, what will the influence of the proposed improvement be upon the market value of the property claimed to be benefited thereby. The jury should consider what the property is then fairly worth in the market, and what will be its value when the improvement is made. (Cooley on Taxation, 459.) In determining the present market value, it is competent for the jury to take into consideration the uses to which the property is then put or for which it is suitable or adapted. If the present market value of the property of appellant was increased by reason of the use to which it was then put, or its market value would be prejudicially affected by an interference with that use, and the proposed improvement would have that effect, it was clearly competent for the consideration of the jury. It was said in *Chicago and Evanston Railroad Co.* v. *Jacobs,* 110 Ill. 414, that in these cases "the real issue was, what was the market value of the property for any purpose for which it was adapted or might be used." See, also, *Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 Ill. 97; *Jacksonville and Southeastern Railway Co.* v. *Walsh,* 106 id. 253; *Calumet River Railway Co.* v. *Moore et al.* 124 id. 329.

The purposes for which the premises of appellant were used were entirely legitimate, and it was insisted they were more valuable for that use than for any other, and that the construction of the proposed sidewalk, in the manner contemplated, would materially decrease the value of the property, for the reason, as alleged, that it would interfere with that use of the property. If this was so, it was clearly competent for the jury to consider in determining the present market value

of appellant's property, and it was error to instruct the jury they should not take into consideration, in determining the market value, "the present use to which the lots or tracts, or both, are put."

It is said, however, that the jury were properly instructed on behalf of appellant, and that they could not therefore have been misled by the instruction complained of. There was a conflict in the evidence, and it seems to us the preponderance was with appellant upon the question of whether said property was benefited or not, and while we would not be disposed to interfere upon that ground, the law should have been given to the jury at least with substantial accuracy. If it be true the law was correctly given in appellant's series, it is impossible to say that the jury followed them rather than the one containing the vicious element. Indeed, aside from the report of the commissioners, which is made evidence by the statute, it would seem, from this record, that the weight of evidence is with appellant that the present market value of the premises, considering the use to which it is put and is adapted, would be depreciated rather than increased by the proposed improvement; and the conclusion can hardly be resisted that the jury followed appellee's instruction, and excluded from consideration the present use of the property in making up their verdict.

Other minor objections are pointed out, which doubtless will be corrected on another trial, and which it is here unnecessary to notice.

For the error indicated, the judgment of the county court will be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*