THE CITY OF BELLEVILLE

*v.*

FRANK PERRIN *et al.*

*Opinion filed February 21, 1907.*

1. SPECIAL ASSESSMENTS—*court may permit additional objection to be filed after taking case under advisement.* The county court, for good cause shown, may, at any time before entering a judgment confirming a special assessment, permit an additional objection to be filed, even though the other objections have been heard and the case taken under advisement.

2. SAME—*when refusal to strike additional objection from files is not error.* A refusal to strike from the files an additional objection that the ordinance was unreasonable and oppressive, upon the ground that the objection was too general, is not error, where the evidence in support of the objections already heard largely covered the question of the reasonableness and necessity for the improvement and no request was made by the city to introduce additional evidence after the new objection was filed.

APPEAL from the County Court of St. Clair county; the Hon. JOHN B. HAY, Judge, presiding.

H. R. HEIMBERGER, City Attorney, and A. H. BAER, Corporation Counsel, for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

On the hearing of an application by the city of Belleville, in the county court of St. Clair county, for the confirmation of a special assessment levied for the improvement of a part of Main street, in that city, the court entered an order finding that the ordinance providing for the improvement was unreasonable, unjust and oppressive, and therefore void. From this judgment said city appeals to this court for review.

The ordinance provides for the pavement, of about a quarter of a mile in length, of Main street with vitrified

paving brick on a four-inch concrete foundation, and stone curbs on each side, together with the construction of a vitrified pipe sewer, at a total estimated cost of $14,191.50. Eleven property owners filed an objection that the "estimate made and returned is an inequitable and unjust distribution of the cost of said improvement between the public and the property." On this objection evidence was heard on June 11, 1906. The testimony of the witnesses substantially agreed that the pavement of the portion of the street in question was composed of large rocks at the bottom, covered with smaller broken stone, and that there was considerable dirt and more or less slag on the top, most of the witnesses describing it as macadamized pavement; that the first stone had been put in more than forty years ago, and the street had been improved from time to time by placing thereon additional stone; that the portion proposed to be improved consisted of one slope of each of two hills, and that an open ditch or creek ran between the two slopes, which, under certain conditions of wind and weather, was sometimes quite offensive to the smell; that a considerable portion of the land fronting on the street was vacant, and that there was also a greenhouse and a truck garden; that one of the objectors had a house on the street worth over $3000, and there were several other residences of less value; that the hilly nature of the property interfered with its desirability for residence and store purposes; that the street with its present pavement, in summer and autumn, was in fair condition for ordinary traffic. The witnesses differed greatly in opinion as to the condition of the street in winter and spring, some holding that it was in as good condition as necessary, and others claiming that the frost and rain made it very rough and full of mud-holes. Opinions also differed as to whether it was, or could become, a desirable street for substantial residences. Most of the witnesses for objectors were of the opinion that while the improvement might benefit those using the street as a thoroughfare, it would not

benefit the owners of the frontage to any large extent, or enhance the value of the property, as to selling price or rents, equal to the amount of the assessment.

The total amount of the assessment was $12,663.06 against private property, and the balance, $1528.44, was assessed as public benefits by the commissioner who spread the assessment. Many of the witnesses for the objectors did not seem to think this was a large enough assessment for public benefits, and stated that the proposed assessment against the private property was more than such property would be benefited. There was some testimony on the part of objectors which tended to show that they thought all the street needed was slight repairing. There was also testimony on the question as to whether macadam pavement or brick was the most desirable for the locality of this improvement, and on this the testimony was conflicting. The testimony in behalf of the petitioner was to the effect that the street was so worn out that it could not be advantageously repaired; that an entire new improvement was necessary; that the public benefits assessed against the city by the commissioner who spread the assessment were fair and reasonable and that the property would be benefited the amount it was assessed.

After the hearing of this evidence the record shows that the case was taken under advisement, and thereafter, on June 22, 1906, the objectors, with one exception, asked leave to amend their objection by adding thereto the further clause, "the ordinance providing for the improvement is unreasonable and oppressive." The attorney who represented the objectors in the hearing heretofore referred to was one of the objectors, and when this additional objection was asked to be filed he withdrew and other attorneys were substituted, he himself refusing to join in this new objection. The city objected to the amendment of the original objection and moved to strike the same from the files on the ground that it was filed too late and was too general for intelligent con-

sideration, not making it possible for the petitioner to know whether or not evidence theretofore introduced was sufficient to meet the additional objection raised; that petitioner did not know what grounds would be relied upon to establish the unreasonableness and oppressiveness of the ordinance. The court denied the motion to strike the additional objection from the files, and without there seemingly being any attempt on the part of either side to introduce further evidence, on July 14, 1906, sustained the objection last filed, and found that the ordinance was unreasonable, unjust and oppressive and refused judgment for confirmation.

It is insisted by appellant that the court committed reversible error in permitting this additional objection to be filed at the time it was filed. Under sections 46, 47, 48 and 52 of the Local Improvement act, (Hurd's Stat. 1905, pp. 416, 417,) the court undoubtedly, for any good cause shown, may, at any time while the proceedings are pending and before confirmation, permit a new and additional objection to be filed, or make any order altering, changing, annulling or continuing the hearing as it deems wise, in order to carry out the spirit and purpose of the Local Improvement act. (*Jones* v. *Town of Lake View,* 151 Ill. 663; *Thompson* v. *City of Highland Park,* 187 id. 265.) This general doctrine is admitted by appellant, but it is contended that in view of the facts in this case it was an abuse of sound judicial discretion to permit the amendment. We do not agree with this contention. In *People* v. *Cohen,* 219 Ill. 200, in a special assessment proceeding, we held that after a cause had been reversed and remanded by this court the trial court could allow an additional objection to be filed and evidence offered in support of that objection. Because of this additional objection, and the evidence in support thereof, this court there reversed its former ruling.

It is also contended that the court should have required the objectors to point out specifically in their additional objection wherein they considered the ordinance unjust and

oppressive. It might have been better practice for the court to have allowed the motion of appellant and required objectors to point out specifically in the additional objection the special things wherein the ordinance was unreasonable, unjust and oppressive. The evidence was taken on the first objection as to the amount of public benefits. Much of it bore on the necessity, reasonableness or unreasonableness of the ordinance. If the evidence in the record on the question of the reasonableness of the ordinance had not been satisfactory to appellant it should have asked the trial court's permission to introduce additional testimony bearing on that question after the amendment of the original objection had been allowed. Under the facts and circumstances shown by this record we do not think the trial court committed any reversible error as to the failure to have such additional objection point out more specifically the grounds upon which it was made or as to the failure to strike the additional objection from the files.

Appellant further insists that on the record here presented the court was without authority to hold the ordinance arbitrary, unjust and oppressive, and therefore unreasonable and void. In the case of *City of Belleville* v. *Pfingsten,* (*ante,* p. 293,) we have considered and discussed the law at length, with citation of authorities on this question. The facts in that case as to the character of the existing pavement and the proposed pavement are quite similar to the facts in the case now under consideration. Our conclusions there are controlling in this case. On this record the county court was not warranted in holding this ordinance void, as arbitrary, unjust and oppressive.

Much of the evidence offered might have justified the court in changing the amount of public benefits, but this can not be brought before us for review, and on that phase of the proceedings we express no opinion. We have only considered and ruled on the two questions heretofore discussed, namely, the authority of the court to allow the filing of the

additional objection, and the order of the court holding the ordinance unreasonable and therefore void.

The judgment of the county court will be reversed and the cause remanded for further proceedings in conformity with this opinion.                    *Reversed and remanded.*