## THE PEOPLE *ex rel.* LOUIS C. HUCK, CO. TREAS., etc.

### *v.*

## HENRY H. GAGE *et al.*

1. SPECIAL ASSESSMENTS—*who are corporate authorities of a town.* The supervisor and assessor of a town are the corporate authorities of the town to make special assessments for local improvements, within the meaning of the constitutional provision, article 9, section 9.

2. SAME—*to condemn lands for park.* The supervisor and assessor of the town of North Chicago have the power to make special assessments upon property benefited, for the purpose of condemning land within their town to be added to Lincoln Park, although a small part of the park is situated in Lake View.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Messrs. GOUDY, CHANDLER & SKINNER, for the appellant.

Mr. EDWARD ROBY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the county court of Cook county, refusing judgment for certain assessments for the enlargement and improvement of Lincoln Park, on application therefor by the county treasurer. The assessments were made by the supervisor and assessor of the town of North Chicago, and the question is as to their power in that behalf. A small portion of this park is in the town of Lake View, but the purpose of these assessment proceedings was for condemning and acquiring the title to some land wholly within the corporate limits of North Chicago, and add the same to the park, in order thereby to its improvement. This improvement was clearly a local improvement. The constitution, article 9, section 9, provides, the General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessments or by special taxation of contiguous property, or otherwise.

This court, in *Hundley and Rees* v. *The Commissioners of Lincoln Park*, 67 Ill. 559, substantially held, that the supervisor and assessor of a town were corporate authorities of the town. Hence it follows, these assessments, being made by these officers, were made by the corporate authorities of the town in which the lands sought to be condemned were situate. Their consent that the commissioners of this park might originate the proceedings and carry them on is expressly authorized by section 3 of the act in regard to the completion of public parks and the management thereof, in force July 1, 1871. R. S. 1874, p. 739.

The power existing to levy the assessments, and by the parties causing it to be made, all subsequent steps required by law have been properly taken, and in pursuance of the law.

It it unnecessary to argue upon the constitutionality of the park acts. That has been settled by the case of *Hundley et al.* v. *The Commissioners of Lincoln Park, supra.*

We are of opinion the improvement in question is a local improvement; that the assessment thereof was made by the proper corporate authorities of the town of its locality—the town of North Chicago, and upon lands within its corporate limits. We, therefore, think none of the objections made in the county court should have prevailed, but should have been disallowed.

For the error in allowing them, the judgment is reversed, and the cause remanded to the county court, with directions to enter judgment for the amount of the several assessments against each delinquent.

*Judgment reversed.*