THE CHICAGO TITLE AND TRUST COMPANY, Exr.

*v.*

THE TOWN OF LAKE VIEW.

*Opinion filed October 19, 1900—Rehearing denied December 6, 1900.*

The constitutionality of the Park act and its amendments was established in *Hundley* v. *Commissioners of Lincoln Park*, 67 Ill. 559, and *Jones* v. *Town of Lake View*, 151 id. 663, and the decisions in those cases are conclusive of the questions here involved.

APPEAL from the County Court of Cook county; the Hon. JOHN H. BATTEN, Judge, presiding.

EDWARD ROBY, for appellant.

EDWARD O. BROWN, and JAMES MCCARTNEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

By this appeal the appellant, as the executor of Parker R. Mason, deceased, seeks to reverse, as to a certain lot owned by him, a judgment of the court below confirming a special assessment levied to pay the cost of opening and improving a public highway along the shore of Lake Michigan, known as the "Lake Shore Drive."

Assessments upon other property under the same petition for the same improvement were reviewed by this court in *Jones* v. *Town of Lake View*, 151 Ill. 663, in which case many of the questions involved in this appeal were decided and to which reference is made for a more particular statement of the proceedings. The lot or piece of land involved was finally adjudged to be the private property of Parker R. Mason, in *Mason* v. *City of Chicago*, 163 Ill. 351, and after that decision the property was included in the assessment roll, and Mason, having been notified, appeared and filed his objections to confirmation. Pending the proceeding he died, and appellant, his executor, was substituted. Under the first ten objections the legal sufficiency of the proceedings was attacked: First, the constitutionality of the several statutes under which the proceedings were taken; second, the validity of the order or ordinance authorizing the assessment; third, compliance with law in the steps taken to levy the assessment. The eleventh objection made the issue, tried by a jury, that the property was assessed more than it was benefited and more than its proportion of the cost of the improvement.

In the first place, it is contended that the several statutes relating to parks, in pursuance of which the proceedings were taken, are unconstitutional and void,—that is to say, that the act entitled "An act in regard to the completion of public parks and the management thereof," approved June 16, 1871, (Laws of 1871-72, p. 587,) and the several acts amendatory thereof, subsequently passed,

are each and all in conflict with the constitution, and void. What was said in *People ex rel.* v. *Mayor*, 51 Ill. 17, to the effect that some of the sections of the original act of 1869 there referred to more specifically, were in contravention of the constitution of 1848, in nowise affects the validity of any provision of the statute involved in this case. The act of 1871 was held constitutional in *Hundley* v. *Commissioners of Lincoln Park*, 67 Ill. 559; and in *People ex rel.* v. *Gage*, 83 Ill. 486, it was said: "It is unnecessary to argue upon the constitutionality of the park acts. That has been settled by the case of *Hundley* v. *Commissioners of Lincoln Park, supra.*" And in *Jones* v. *Town of Lake View, supra*, the amendatory acts were considered. We are asked to review and overrule all of these cases and to declare this park legislation void under the constitution, and, consequently, that the assessment upon the lot in question was without authority of law. We think it unnecessary to follow counsel in his elaborate argument upon these questions. They are settled, and should remain so. So, also, is the point made, that the supervisor and assessor of the town of Lake View were not the corporate authorities of that town and therefore had no authority to make the assessment. That question was expressly decided adversely to appellant's contention in the *Jones case, supra.* The proceedings in that case were substantially the same as in this, and they were there held legally sufficient.

Under the eleventh objection the jury found that appellant's lot was not assessed more than it would be specially benefited by the improvement nor more than its proportionate share of the cost thereof, and we think the evidence sustains the finding.

The judgment must be affirmed.

*Judgment affirmed.*