(No. 14210.—Judgment reversed.)
THE WINNETKA PARK DISTRICT, Appellee, vs. PAUL
BRANDL, et al. Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 14, 1922.*

1. PARKS—*when acquisition of land for park purposes is a local improvement proceeding.* The mere acquisition of land for a park contemplated in the future but for which definite provision has not yet been made is not a local improvement for which an assessment may be levied under the Local Improvement act, but if the property is to be immediately improved and used for park purposes it is a local improvement and a proceeding to levy assessments must comply with the provisions of the Local Improvement act.

2. SPECIAL ASSESSMENTS—*engineer's estimate must be itemized.* In a proceeding under the Local Improvement act the engineer's estimate must be itemized, and the fact that the amount to be expended is comparatively small does not justify a failure to comply with the statute; but it is only necessary to place in separate items the cost of the substantial component elements, and the estimate need not specify in minute detail all the materials that go into the improvement.

3. SAME—*ordinance must give definite description of improvement.* The description of the improvement in the ordinance must be sufficiently definite to enable the property owner to know from its terms what he is to have when the improvement is complete, and it must show such facts as are material to be considered by the property owner in determining whether he will consent to or oppose the improvement.

4. SAME—*requirements of Local Improvement act are jurisdictional to a valid assessment.* The requirements of the Local Improvement act as to what must be contained in the ordinance and the engineer's estimate are jurisdictional, and if these provisions for the protection of the property owner are not complied with no valid assessment can be made.

5. SAME—*when estimate for an improvement is not sufficiently itemized.* In a special assessment proceeding by a park district to acquire four village lots for park purposes and to improve the same, the engineer's estimate of the cost of the improvement, exclusive of the compensation for property taken, which divides such cost into two items, one of $4000 for expenses of the proceeding and one of $5000 for "cost of putting the real estate proposed to be acquired for said local improvement in condition for use as a public park," is not sufficiently itemized.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

WILLIAM N. BRADY, and ROYAL J. SCHMIDT, for appellants.

FREDERICK DICKINSON, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

May 6, 1920, the board of park commissioners of the Winnetka Park District, appellee, passed an ordinance for the purpose of acquiring four village lots opposite Hubbard Woods station, in Winnetka, for park purposes and to improve the same. Section 23 of the Park District act of 1895, (Harker's Stat. p. 3115,) which authorizes the board of park commissioners to make an improvement by special assessment, requires that the proceedings be in accordance with the provisions of the Local Improvement act. Section 7 of the Local Improvement act (Harker's Stat. p. 760,) requires that the engineer shall make an itemized estimate of the cost of the improvement, and section 8 of the act requires that the ordinance authorizing the improvement "shall prescribe the nature, character, locality and description of such improvement." The total cost of the improvement in question, according to the revised assessment roll filed in the superior court of Cook county, is $76,450. Of this cost $67,450 is the compensation for the property taken, and the remaining $9000 is divided by the engineer's estimate into two items,—$4000 for expenses of the proceeding and $5000 for "cost of putting the real estate proposed to be acquired for said local improvement in condition for use as a public park, exclusive of the cost of the land and buildings to be taken or damaged." Section 6 of the ordinance provides "that all buildings and other obstructions which

may be located upon the land herein provided to be con-
demned for use as a public park shall be removed by the
duly authorized agent of the board of local improvements
of the Winnetka Park District, and the said agent of said
board shall put the surface of said land in such condition
that it can be used for park purposes, and the cost of said
work shall be paid out of the special assessment herein pro-
vided to be levied for said improvement." Appellants filed
objections to the confirmation of the assessment roll and a
hearing was had upon these objections. The court over-
ruled the objections and after a hearing on the question of
benefits confirmed the assessment roll. This appeal is prose-
cuted to review that judgment.

The only objections we find it necessary to consider
are, that the estimate of the cost of said improvement is
not sufficiently itemized, and that the ordinance does not
describe the nature, character and locality of the proposed
improvement.

In so far as the engineer's estimate and the ordinance
refer to the establishment of a park on the lands acquired
the total cost is given in one gross sum. This is defended
by appellee on the ground that the ordinance was passed
primarily for the purpose of acquiring the lands and re-
moving the buildings and leveling the ground, and that an
improvement of the cleared lands was not contemplated. It
is said that "this improvement is peculiarly of a character
where the mere removal of buildings and obstructions from
the land acquired constitutes one of the chief sources of
benefit flowing to the property assessed, in that it removes
from the property immediately surrounding the railroad sta-
tion at this point unsightly buildings and sheds in the path
of those who daily use the Hubbard Woods station." If
this proceeding is for the mere acquisition of the land for
a park contemplated in the future but for which definite
provision has not yet been made it is not a local improve-

ment and assessments for it under the Local Improvement act cannot be levied. (*City of Waukegan* v. *Burnett,* 234 Ill. 460; *City of Chicago* v. *Kemp,* 240 id. 56; *Village of River Forest* v. *Cummings,* 261 id. 228.) If this plot of ground is to be leveled and then left idle for the deposit of rubbish and the growth of weeds it will be a detriment rather than a benefit to the surrounding property. In a proceeding under the Local Improvement act the engineer's estimate must be itemized. (*City of Peoria* v. *Ohl,* 209 Ill. 52.) Because the amount to be expended for the improvement of the lots in question is comparatively small the park authorities are not justified in failing to comply with the requirements of the statute. In the case last cited the amount involved was $319.06, and yet the court held the estimate void because the cost of the proposed sidewalk was given in a gross sum. While it is not necessary for the engineer's estimate to specify in minute detail all the materials that go into an improvement, it is necessary to place in separate items the cost of the substantial component elements of the improvement. (*Village of Oak Park* v. *Galt,* 231 Ill. 482; *Village of Ladd* v. *Chicago, Ottawa and Peoria Railway Co.* 283 id. 260.) The ordinance must describe the improvement with even greater detail. The description of the improvement in the ordinance must be sufficiently definite that the property owner may know from its terms what he is to get when the improvement is complete and what sort of an improvement his property is being assessed to construct. (*City of Chicago* v. *Cummings,* 250 Ill. 423.) What items are to enter into the improvement and the cost and character of each of them are facts material to be considered by the property owner in determining whether he will consent to or oppose the improvement, and for his protection the requirements of the statute must be observed. These requirements are jurisdictional, and if the authorities do not comply with the statute in

carrying out the preliminary steps no valid assessment can be made. (*City of Chicago* v. *Illinois Malleable Iron Co.* 293 Ill. 109.) In short, the property owner is entitled to know what he is to get for his money before he is required to pay for it. From the estimate and the ordinance before us we are not able to tell, and the property owner would not be able to tell, whether it was to cost $5, $500 or $5000 to remove the buildings from the lots that have been acquired. If the buildings on the lots are small, temporary sheds, without basements, the cost of removing the buildings and leveling the grounds would be a very small part of the $5000 named as a gross sum for making this improvement. What is to be done with the remainder of the money?—is the natural query of every property owner whose lands are being assessed for this supposed benefit. Are the lots to be sown to grass and are sidewalks to be constructed and the grounds beautified with flowers and shrubbery? No one can tell from reading the estimate or the ordinance what is to be done. If the total amount of $5000 is to be spent to remove buildings and to fill holes the property owner is entitled to know it, so that he can show that the proposed improvement will not be a benefit to his property and thereby prevent assessments from being spread under the provisions of the Local Improvement act. Just what the board of local improvements means when it says that this money is to be used to put the surface of the land acquired in such condition that it can be used for park purposes we do not know.

The superior court erred in confirming the special assessment against the property of appellants, and its judgment is therefore reversed.        *Judgment reversed.*