(No. 21396.—

The Village of Beverly vs. Florence A. Schaerr et al. Appellants.—(The City of Chicago, Appellee.)

*Opinion filed October 22, 1932.*

Enoch J. Price, Dosland, Conner & Mayfield, Daniel S. Wentworth, and Hugo J. Thal, (Goodwin L. Dosland, and Owen N. Price, of counsel,) for appellants.

WILLIAM H. SEXTON, Corporation Counsel, IRVIN ROOKS, JOSEPH J. SULLIVAN, MALONEY & WOOSTER, and LANGWORTHY, STEVENS, McKEAG & McCORNACK, (DAVID B. MALONEY, and B. F. LANGWORTHY, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the superior court of Cook county overruling appellants' legal objections and confirming a special assessment levied under sections 57 and 58 of the Local Improvement act. On entry of the judgment overruling their legal objections appellants waived further controversy on questions of benefits and perfected this appeal.

The petition in this case was filed by the village of Beverly, since a part of the city of Chicago by annexation. The petition recites that the village had previously filed a petition in the superior court of Cook county by which it set up the passage of an ordinance on October 27, 1928, for the paving of certain streets in the village of Beverly and praying for the confirmation of a special assessment to pay for the same. The petition recites that on a hearing judgment of confirmation was entered against certain property and because of defects in the ordinance the petition was dismissed as to 149 lots listed in the present petition. The petition recites that the work was done; that of the cost thereof there remains unpaid the sum of $113,712.54, with interest on the vouchers therefor issued and unpaid, by reason of which the 149 lots as to which the assessment was dismissed have not paid their fair share of the original assessments, vouchers and bonds. The petition recites that an ordinance had been passed reciting these facts and levying an assessment to pay the deficiency. The petition shows that the cost of the entire improvement was $349,069.98; cost of engineering, $20,883.70; the cost of making assessments was $19,697.98, and an item of $52,360.50, mak-

ing the total cost of the improvement $442,032.16, of which assessments were confirmed in the sum of $328,299.62, leaving an estimated deficit of $113,712.54, to which the present ordinance adds $6822.75 as six per cent for cost of levying the new assessment. The total assessment sought to be levied under the present petition and ordinance of September 3, 1930, is $120,535.29.

Numerous questions were raised by the objections on the part of appellants. They may be considered under the following heads: First, that the petition failed to show that the prior assessment had been annulled by the board of trustees or set aside by any court or declared invalid or void for any reason whatever; and second, that the record shows no compliance with sections 57 or 58 of the Local Improvement act.

The facts are not in dispute. A plot of ground consisting of some eighty-four acres was platted for a proposed village. Plans for curb and gutter and the paving of streets were prepared, and grading started in August, 1928, prior to the organization of the village of Beverly. This appears to have been done by the independent action of the owners of the lots. On August 24, 1928, the county court of Cook county declared the village of Beverly to be duly organized and on October 4 of that year declared duly elected the trustees of that village. On October 8 the board of trustees held its first meeting and adopted an ordinance creating a board of local improvements, which on the same day held its first meeting and adopted a resolution for the improvement of the streets of the village and fixed October 19, 1928, as the date for the public hearing on such resolution and directed the filing of the estimate and resolution, to be known as special assessment No. 1. On October 27 the board of village trustees adopted an ordinance for the improvement. That ordinance formed the basis of the first petition filed in the superior court. That petition was filed on November 13, 1928, and an assessment roll

was filed. On November 21, 1928, the board of local improvements directed its secretary to advertise for bids, to be opened December 3. This notice was published on November 23 in the *Chicago Daily Journal*. On December 3 the board of local improvements opened the bids of one Francis C. Anderson and one Orlo S. Turner and awarded the contract to Turner. Publication of notice of this award was made in the *Chicago Daily Journal*. The contract bears date of execution of December 15, 1928. January 16, 1929, the board of trustees approved the contract and bond of Turner. On December 3, 1928, the objections of certain lot owners were filed, and on the same day it appears that judgment by default and an order of confirmation were entered as to all lots, which were, however, set aside on December 8, 1928, as to all lots to which objections had been filed. On January 5, 1929, an order was entered sustaining objections as to the lots of the appellants, with a total assessment of $130,396.36, and confirming the assessment as modified by the order sustaining the objections. It also appears that on December 5, 1928, the board of local improvements approved the first estimate of the engineers for work done, totaling $126,675, and ordered the first voucher issued to the contractor. It appears that the final estimate of the board of local improvements was approved on September 19, 1929. A certificate of final cost and completion was filed, and on January 17, 1930, the superior court entered a final order of confirmation. Nothing further appears to have been done until the passage of the ordinance, September 3, 1930, which forms the basis of the petition herein. It appears from the evidence that on October 27, 1928, the date of the passage of the original ordinance for the improvement, grading and the laying of curb and gutter had been completed, amounting to $25,006.70. This work was all done prior to the passage of the ordinance.

As we have said, the first contention of appellants is that the petition does not show that the original assess-

ment had been annulled by the board of trustees or set aside by the court or declared invalid or void for any reason, as required by sections 57 and 58 of the Local Improvement act. This petition shows the dismissal of the original petition as to 149 lots. This was an annulment of that assessment by an order and judgment of the court as to these lots. (*City of Chicago* v. *Willoughby,* 249 Ill. 249.) Appellants' first contention, therefore, is without merit.

As to the second contention—that is, that the petition failed to show that the work for which the original assessment was made was done in pursuance of a contract duly let and entered into under an ordinance—appellants point to the fact that while this work was started prior to the passage of any ordinance no contract was finally approved until January 16, 1929, when the contract, which had been awarded to Turner on December 3, was approved. Work amounting to $25,006.70 had been done by Turner prior to the passage of the ordinance or the awarding of a contract, apparently by a private contract between Turner and the owners of the land.

Sections 57 and 58 of the Local Improvement act (Smith's Stat. 1931, pp. 513, 514,) are as follows:

"Sec. 57. If any special assessment or special tax has heretofore been or shall hereafter be annulled by the city council or board of trustees, or set aside by any court or declared invalid or void for any reason whatsoever, a new assessment or tax may be made and returned and like notice shall be given and proceedings had as herein required in relation to the first; and if any local improvement has heretofore been or shall hereafter be constructed under the direction of the board of local improvements and has been or shall be acccepted by such board, and the special assessment or special tax levied or attempted to be levied to pay for the cost of such an improvement has been or shall be so annulled, set aside or declared invalid or void, then a new special assessment or special tax may be made and

returned to pay for the cost of the improvement so constructed, or to pay for the cost of such part thereof as the city council or board of trustees might lawfully have authorized to be constructed and paid for by special assessment or special tax. All parties in interest shall have like rights, and the city council or board of trustees, and the court shall perform like duties and have like power in relation to any subsequent assessment or tax as are hereby given in relation to the first.

"Sec. 58. No special assessment or special tax shall be held invalid or void because levied for work already done, if it shall appear that such work was done under a contract which has been duly let and entered into pursuant to an ordinance providing that such an improvement should be constructed and paid for by special assessment or special tax, and that the work was done under the direction of the board of local improvements and has been accepted by such board; nor shall it be a valid objection to the confirmation of such new assessment that the original ordinance has been declared void or that the improvement as actually constructed does not conform to the description thereof as set forth in the original special assessment ordinance, if the improvement so constructed is accepted by the board of local improvements. The provisions of this section shall apply whenever the prior ordinance shall be held insufficient or otherwise defective, invalid or void, so that the collection of the special assessment or special tax therein provided for becomes impossible. In every such case, when such an improvement has been so constructed and accepted, and the proceedings for the confirmation and collection of the special assessment or special tax are thus rendered unavailing, it shall be the duty of the city council or board of trustees to pass a new ordinance for the making and collection of a new special assessment or special tax, and such ordinance need not be presented by the board of local improvements."

It will be noted that under section 57, "if any special assessment or special tax * * * [is] declared invalid or void for any reason whatsoever, a new assessment or tax may be made and returned." It also provides that if any local improvement constructed under the direction of the board of local improvements has been or shall, be accepted by such board, and the special assessment has been annulled, set aside or declared invalid, then a new special assessment or special tax may be returned to pay the cost of the improvement so constructed. These provisions are broad. In *Village of Winnetka* v. *Taylor*, 301 Ill. 147, it was said: "Sections 57 and 58 are so broad and comprehensive in their wording as to include a new assessment or any assessment that had been declared void for any reason, whether for the invalidity of the original ordinance or supplemental ordinance, or if for any reason the proceedings to levy such special assessment by the court have been held unauthorized." It was also said in that opinion: "In our judgment the only reasonable construction that can be placed upon sections 57 and 58 is that the legislature intended thereby to grant authority for levying an assessment for completed work whenever any prior ordinance for any reason had been invalid or void, whether it was an original ordinance or a supplemental ordinance, or whenever for any reason the special supplemental proceedings have been held void." This was, in effect, the holding in *City of Lincoln* v. *Harts*, 266 Ill. 405. It is evident that the legislature contemplated that in cases where an improvement was made under an ordinance providing therefor, which has been in whole or in part declared invalid and the improvement constructed under the supervision of the board of local improvements, the city council or board of trustees is authorized to file a petition for a new assessment to pay the deficit occasioned by the failure of the ordinance, and that property as to which the original peti-

tion, by reason of insufficiency, was dismissed, may be assessed in such later assessment.

It is conceded that work amounting to $25,006.70 was done prior to the passage of the first ordinance, and that that amount was included in the first estimate of $126,675 issued by the engineer and approved by the board of local improvements. It does not clearly appear whether it was included in the total cost of the improvement and thus entered into the deficiency on which the supplemental ordinance is based, but as we understand the record it was so included. If such was done the item was erroneously included, for the reason that that work was done under a private contract between the contractor and the owners of the land before the existence of any ordinance on the subject. As to the balance of the deficiency arising by reason of the dismissal of the petition as to appellants' property, we are of the opinion that the work done after the passage of the ordinance was done under the supervision of the board of local improvements, and while technically a contract could not have been entered into prior to the confirmation of the assessment, yet in a case where, as here, the work was done in conformity with the ordinance, to the benefit of appellants' property, a supplemental assessment in amount not exceeding the benefit to the property involved may under sections 57 and 58 be levied to make up the deficiency.

It appears that under the original proceeding an item of $52,360.50 was included in the estimate to pay interest on bonds and vouchers. Interest may be charged only where it is especially authorized by statute. The statute authorizes interest on deferred installments of special assessments. The property owner may pay all of his assessment at once and thus escape payment of interest. The Local Improvement act does not authorize the inclusion of interest on deferred installments in the original assessment. The item of $52,360.50 was improperly included as

186

a part of the original estimate of costs and appears to have been carried into the deficit for which the present assessment is sought to be levied. This the village had no power to do.

We are of the opinion, therefore, that objections to the confirmation of the assessment should have been sustained and the assessment roll re-cast, omitting the item for interest just mentioned, and if, as appears from the record, the item of $25,006.70 for work done before the passage of an ordinance was included in the cost of the improvement and considered in the deficit, that should be likewise omitted and the assessment roll re-cast in accordance therewith, with an allowance of not to exceed six per cent of the assessable deficit as cost of making the new assessment.

*Reversed and remanded, with directions.*