(No. 24784.—

The Winnetka Park District, Appellee, *vs.* Maud C. Hopkins *et al.* Appellants.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

Royal J. Schmidt, and William N. Brady, for appellants.

Dickinson, Sprowl, Norville & James, (Frederick Dickinson, Howard B. Bryant, and Frank J. Delany, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellee, the Winnetka Park District, filed proceedings in the superior court of Cook county ·for confirmation of an additional special assessment under sections 57 and 58 of the Local Improvement act, to pay the deficiency in the cost of creating a park in the Winnetka Park District. · In the original proceedings a special assessment was spread against certain property, including that of appellants. On appeal to this court, (*Winnetka Park District* v.· *Brandl,* 301 Ill.

265,) appellants' lands were relieved from that assessment through defects in the proceedings. The superior court confirmed the proceedings against appellants' property in this case and they seek review here.

The history of this matter, as shown by the record, is briefly as follows: In 1920, the park board of the Winnetka Park District instituted proceedings for condemnation of certain property for park purposes under the Local Improvement act. None of appellants' lands was to be taken or damaged. Legal objections were filed and overruled. Hearing was had on the original assessment roll and it was materially increased and the roll recast. As so recast it was confirmed upon a trial on the question of benefits. An order was entered confirming the assessments which aggregated $76,450. In that proceeding the property of appellants was assessed in the aggregate $11,053.74. From this assessment appellants, as we have stated, were relieved by this court. Pending the appeal the park district proceeded with the improvement under the statute, paid for and took deeds to the property condemned, removed buildings and leveled off the surface of the ground, paying the expense therefor amounting to $1868.38.

In May, 1923, the board of local improvements filed its certificate of acceptance and completion of the work, showing the total cost to be $74,450. The certificate also set out the deficiency arising. Thereafter, the appellee park district adopted an ordinance reciting the proceedings up to that point and the fact that a certain portion of the assessment levied had been invalidated on appeal to this court, and that the property affected thereby had theretofore escaped its proportionate share of the assessment; that such part of the assessment, plus interest and costs, amounted to $12,302.77, and directing that a petition be filed to spread this amount as an assessment against the property thus escaping assessment under the original proceedings. On November 9, 1923, an assessment roll was filed by which

appellants' property was accordingly assessed. General and special legal objections were filed and overruled. On legal objections, appellants urged that as the new assessment applied only to certain property assessed in the first proceeding and did not include all such property, it was illegal. It was also urged that this improvement was a general and not a local improvement, and appellants offered proof to sustain that contention. These offers were denied by the trial court. The court, after trial on the question of benefits, confirmed the assessment roll on March 14, 1938. No reason is assigned for permitting the matter to lie in court for such a period of time, nor does it appear at whose instance the delay occurred.

The errors assigned by appellants, here, are that the trial court should have sustained the legal objections and dismissed appellee's petition, as it did not have jurisdiction of the subject matter. They also say that the court erred in not allowing appellants to prove, on the hearing on legal objections, that the improvement was a general and not a local improvement, and that certain property benefited by the proceedings had not been assessed. They also urge that there is no statutory authority for this proceeding, and, further, as to benefits, that the property of appellants was assessed more than it is benefited and more than its proportionate share of the cost.

In support of their contention that the court had no authority to proceed under sections 57 and 58 of the Local Improvement act, appellants' counsel say that where the original judgment is one involving the taking or damaging of private property for the construction of the improvement, sections 57 and 58 do not apply to such a subsequent proceeding as the one before us. They say, further, that as $67,450 of the judgment was an award for property taken, and was assessed against private property, the authority for so taking such property is found only in sections 13 to 33 of the Local Improvement act, and that

sections 57 and 58 are applicable only in proceedings not involving the taking of private property.

Section 12 of the Local' Improvement act (Ill. Rev. Stat. 1937, chap. 24, par. 710) provides that where an ordinance contemplates an improvement requiring the taking or damaging of property, the proceedings for determining just compensation therefor shall be as described in sections 13 to 33, but it also further provides: "Such proceedings shall also be governed by the remaining sections of this act, so far as not in conflict with the said sections 13 to 33, inclusive."

In *Village of DesPlaines* v. *Winkelman,* 270 Ill. 149, this court considered the language just quoted and it was held that the terms of section 49 of the act were applicable to and governed the proceedings there under consideration; that section 23 provides for the submission of two issues to the jury and section 49 provides for the submission of another issue, and was not in conflict, but in addition, thereto.

Under section 57 of the act, where any special assessment has been annulled or set aside by the court, or declared invalid for any reason whatever, a new assessment may be made. Where the improvement has been or thereafter is constructed under the direction of the board of local improvements and accepted by such board, a new special assessment or special tax may be made and returned to pay for the cost of the improvement so constructed, or to pay for the cost of such part thereof as the city council or board of trustees might lawfully authorize. "All parties in interest shall have like rights, and the city council or board of trustees, and the court shall perform like duties and have like power in relation to any subsequent assessment or tax as are hereby given in relation to the first."

By section 58 of the act it is specified that no special assessment shall be held void or invalid because levied for

work already done, if it appears that such work is done under a valid contract pursuant to an ordinance providing for the improvement and payment therefor by special assessment, and the original ordinance has been declared void, provided the improvement as constructed is accepted by the board of local improvements. "The provisions of this section shall apply whenever the prior ordinance shall be held insufficient or otherwise defective, invalid or void, so that the collection of the special assessment or special tax therein provided for becomes impossible." This section also makes it the duty of the park board, in case the ordinance is invalid, to pass a new ordinance.

Appellants in this case are not interested in the lands taken. They were not awarded any of the compensation and as no appeal was taken from the judgment which fixed the damages to land taken it became final when appellee elected to proceed, notwithstanding appellants' appeal from that part of the judgment levying special assessments against their property. (*Turk* v. *City of Chicago,* 352 Ill. 171.) Appellants' appeal in nowise affected the judgment that fixed the damages for land taken. The effect of the reversal of the judgment by this court was only to set aside the judgment so far as it assessed appellants' lands for benefits. So far as the judgment in condemnation is concerned, and as to all other property owners not objecting to the assessment, both features of the judgment were final.

In *Village of Beverly* v. *Schaerr,* 350 Ill. 178, the applicability of sections 57 and 58 was questioned. It was pointed out that the provisions of those two sections were sufficiently broad and comprehensive to include a new assessment, where an original assessment had been declared void for any reason, whether from the invalidity of the original ordinance or supplemental ordinance, or if, for any reason, the proceedings to levy the special assessment had by the court been held unauthorized. It was there held that the only reasonable construction that can be placed on

sections 57 and 58 is that the legislature intended to grant authority for levying assessments for completed work whenever any prior ordinance, for any reason, had been declared invalid or void, whether it was the original ordinance or supplemental ordinance. This was also, in effect, the holding in *City of Lincoln* v. *Harts,* 266 Ill. 405. The effect of these cases is that new ordinances may be passed and new assessments levied covering a deficiency arising from the reversal of the judgment as to certain objectors' property, where the work done after the passage of the ordinance was so done under the supervision of the board of local improvements. Here, the property of appellants was relieved of its share of the cost of this improvement because of deficiency in the original ordinance. It was not held on appellants' first appeal that their property could not be held liable for its share of the cost of the improvement, under a proper ordinance. Sections 57 and 58 are applicable to these proceedings, and appellants' contention in that regard cannot be sustained.

They say also that the trial court should have permitted them to prove their contention that the improvement for a park did not constitute a local improvement but was a general improvement for which other property should be assessed. That proceedings for acquiring land for a park is for a local, not a general, improvement, and that special assessments may be spread to pay the cost of it, has long been the rule in this State. *People* v. *Gage,* 83 Ill. 486.

Appellants' final contention is that the record does not justify the holding that their property was benefited to the amount of the assessments against it. The hearing was before the court who saw and heard the witnesses. We are unable to agree with counsel for appellants that certain witnesses testifying were incompetent. Questions affecting their opinion evidence were as to weight and not as to competency. Though the evidence is conflicting, the controlling rule is that unless a reviewing court can say that the findings

of the trial court are palpably against the weight of the evidence such findings will not be disturbed. *Crosby* v. *DeLand Special Drainage District,* 367 Ill. 462; *City of Springfield* v. *Gillespie,* 335 id. 388; *City of Chicago* v. *Marsh,* 238 id. 254.

We find no error in the record requiring that the order of the superior court be reversed and it is, accordingly, affirmed.

*Order affirmed.*