(No. 33183.—

THE CITY OF MATTOON, Appellee, *vs.* JACOB STUMP, JR., *et al.,* Appellants.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

HARRY I. HANNAH, (JOSEPH P. SMITH, JR., of counsel,) both of Mattoon, for appellants.

R. G. REAL, (ORVILLE F. SCHOCH, of counsel,) both of Mattoon, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is still another appeal stemming from the special assessment proceeding which this court has had under consideration in *City of Mattoon* v. *Stump,* 414 Ill. 319, and *City of Mattoon* v. *Stump, post,* p. 149, in which an opinion has been filed this date. In the proceeding first referred to, we reversed the order confirming the special assessment lien as to the property owned by those appealing on the ground that the city ordinance authorizing the improvement was invalid. However, pending that appeal, the city elected to proceed with the improvement as permitted by section 84-75 of the Local Improvement Act (Ill. Rev. Stat. 1951, chap. 24, par. 84-75,) and, before our decision was rendered, the work was completed and the city had filed an application in the trial court for approval of a

certificate of completion. At this point our decision in the first appeal became final and binding. Thereafter, and before the trial court had taken any action on the application for approval of the certificate of completion, the city council of Mattoon enacted an ordinance which provided for the levy of a new special assessment, in specified amounts, against the properties of appellants; the admitted purpose being to assess the property an amount equal to the proportionate share of the benefit each tract derived from the making of the improvement and to thus meet the deficiency caused when appellants escaped assessment under the original order of confirmation. The city then filed a petition in the city court for the levy of a new special assessment under the new ordinance, against appellants only, to which appellants objected. Before acting on said petition the trial court denied the city's application for approval of a certificate of completion (which denial is the subject of the decision in *City of Mattoon* v. *Stump,* No. 33171,) but, at a later hearing, confirmed the new assessment and held the new ordinance valid. Appellants, the property owners affected, now appeal from the latter order of the city court.

Appellants urged that the new assessment cannot be valid because it is predicated in part upon the original ordinance which we held invalid. We cannot agree with this contention when the provisions of sections 84-57 and 84-58 of the Local Improvement Act are considered together with the judicial interpretation they have received. The provisions of section 84-57 (Ill. Rev. Stat. 1951, chap. 24, par. 84-57,) are as follows: "If any special assessment or special tax heretofore has been or hereafter shall be annulled by the corporate authorities, or set aside by any court or declared invalid or void for any reason whatsoever, a new assessment or tax may be made and returned and like notice shall be given and proceedings had as required in this article in relation to the first. If any local improvement heretofore has been or hereafter shall be con-

structed under the direction of the board of local improvements and has been or shall be accepted by that board, and the special assessment or special tax levied or attempted to be levied to pay for the cost of such an improvement has been or shall be so annulled, set aside, or declared invalid or void, then a new special assessment or special tax may be made and returned to pay for the cost of the improvement so constructed, or to pay for the cost of such part thereof as the corporate authorities might lawfully have authorized to be constructed and paid for by special assessment or special tax. All parties in interest shall have like rights, and the corporate authorities and the court shall perform like duties and have like power in relation to any subsequent assessment or tax as are hereby given in relation to the first." In construing this section, together with section 84-58, this court held in *Winnetka Park District* v. *Hopkins,* 371 Ill. 46, that where property owners, on appeal from a judgment of confirmation, obtain a reversal of the judgment and are thereby relieved of their assessments because of defects in the proceeding, a new or additional assessment may be levied under these sections of the Local Improvement Act to reassess such property so as to recover the resulting deficiency, where the improvement was completed under the supervision of the board of local improvements. Of similar effect is *Village of Beverly* v. *Schaerr,* 350 Ill. 178.

That the invalidity of the original ordinance does not invalidate the new assessment is further borne out by section 84-58 of the act, which ordains the following: "No special assessment or special tax shall be held invalid or void because levied for work already done, if it appears that the work was done under a contract which has been duly let and entered into pursuant to an ordinance providing that such an improvement should be constructed and paid for by special assessment or special tax, and that the work was done under the direction of the board of

local improvements and has been accepted by that board. It shall not be a valid objection to the confirmation of this new assessment that the original ordinance has been declared void or that the improvement as actually constructed does not conform to the description thereof as set forth in the original special assessment ordinance, if the improvement so constructed is accepted by the board of local improvements. The provisions of this section shall apply whenever the prior ordinance is held insufficient or otherwise defective, invalid, or void, so that the collection of the special assessment or special tax therein provided for becomes impossible. In every such case, when such an improvement has been so constructed and accepted, and the proceedings for the confirmation and collection of the special assessment or special tax are thus rendered unavailing, it is the duty of the corporate authorities to pass a new ordinance for the making and collection of a new special assessment or special tax, and this new ordinance need not be presented by the board of local improvements." The history of this section shows that it was amended substantially to its present form in 1913, (Laws of 1913, p. 165,) by the addition of the following clause: " * * * nor shall it be a valid objection to the confirmation of such new assessment that the original ordinance has been declared void or that the improvement as actually constructed does not conform to the description thereof as set forth in the original special assessment ordinance, if the improvement so constructed is accepted by the board of local improvements." This clause was added by the legislature because we had held in *City of Lincoln* v. *Harts,* 256 Ill. 253, (opinion filed October 26, 1912,) that, prior to the amendment, the section conferred no authority for the levy of a reassessment where the original ordinance was void. Following the quoted amendment the city of Lincoln again petitioned for the levy of a new assessment and, upon appeal, we held the section as amended to be valid and the

reassessment to be proper. Again, in *Village of Winnetka* v. *Taylor,* 301 Ill. 147, where the village levied a second supplemental assessment after the first supplemental assessment had been held void, we upheld the second supplemental assessment and, referring to the decision in the second *City of Lincoln case,* said, at page 153: "Hence it would manifestly appear from the reasoning in that case that the court intended to hold that the provisions of sections 57 and 58 are so broad and comprehensive in their wording as to include a new assessment or any assessment that had been declared void for any reason, whether for the invalidity of the original ordinance or supplemental ordinance, or if for any reason the proceedings to levy such special assessment by the court have been held unauthorized or void."

In the present case it is to be seen from the record that the city has strictly complied with the conditions imposed by the statutory provisions discussed, in that the work was done pursuant to a contract lawfully entered into by the city, that the work was supervised and accepted by the board of local improvements, and that an ordinance authorizing the new assessment as to the property owned by appellants was adopted by the city council. Appellants make much of the fact that approval of a certificate of completion had been denied. We do not find, however, that sections 84-57 or 84-58 make the issuance of such a certificate a condition precedent to such confirmation; all that is required is that the completed work has been supervised and accepted by the board of local improvements and both conditions were fulfilled in this case. It should be noted, too, from the language with which section 84-58 is concluded, that the city council had, not a permissive right, but a duty to levy the assessment of which complaint is now made.

Appellants further argue that if section 84-58 is to be interpreted as meaning a reassessment may be levied even

though the original ordinance authorizing the improvement is invalid, then it is void because it constitutes a taking of their property without due process of law. A complete and controlling answer to this contention is found in *City of Lincoln* v. *Harts,* 266 Ill. 405, where, under the authority of *Spencer* v. *Merchant,* 125 U.S. 345, 31 L. ed. 763, and *City of Seattle* v. *Kelleher,* 195 U.S. 351, 49 L. ed. 232, a similar contention was rejected.

We think it manifest from the statute and decisions discussed that the city had both the power and the duty to reassess the properties of appellants and that the invalidity of the original ordinance neither abrogated its power nor relieved it of its duty. Therefore, inasmuch as the record shows that the city has strictly complied with the statutory conditions, the judgment of the city court of Mattoon, confirming the new assessment against appellants' lands, will be, and is, affirmed.

*Judgment affirmed.*